## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Thomas McGarry,

    Plaintiff,

v.

Home Depot U.S.A., Inc.,

    Defendant.

Case No. 2:24-cv-01931-JAD-NJK

**Order**

[Docket No. 50]

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 50. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 50, 51, 53. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **DENIED**.

The Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court also has broad authority to enforce the case management deadlines established in its scheduling order. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). A motion to compel must not be filed with undue delay. *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360-61 (D. Nev. 2019). In addition, a motion to compel filed after the outer deadline[1] is presumptively untimely and will not be considered absent unusual circumstances. *See, e.g.*, *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019).[2] "Untimeliness is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas*

---

[1] In cases in which no outer deadline for discovery motions is established in the scheduling order, the outer limit is by default the dispositive motion deadline. *E.g.*, *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). When a scheduling order includes a different deadline for discovery motions, however, that deadline controls. *See, e.g.*, *Gray v. Cox*, 2016 WL 4367236, at *1, *3 (D. Nev. Aug. 12, 2016).

[2] Courts sometimes analyze a variety of factors in deciding whether a discovery motion was filed with undue delay, but such analysis is generally not required when a motion to compel is filed after the outer deadline since it is presumptively untimely. *E.g.*, *V5 Technologies*, 332 F.R.D. at 361 n.3.

*Metro. Police Dept.*, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015)); *see also Gray*, 2016 WL 4367236, at *3 (denying motion to compel filed by *pro se* prisoner on timeliness grounds).

In this case, the dispositive motion deadline was November 12, 2025.  Docket No. 49 at 2. Plaintiff did not file the instant motion, however, until February 17, 2026, more than three months after the dispositive motion deadline.  *See* Docket No. 50 (notice of electronic filing).  Hence, the motion is untimely on its face and no unusual circumstances have been presented.

Accordingly, Plaintiff's motion to compel is **DENIED**.  Docket No. 50.  Further, despite the Court's order to file their joint proposed pretrial order by December 15, 2025, Docket No. 49 at 2, the parties have failed to comply.  The Court therefore **ORDERS** the parties to file their joint proposed pretrial order no later than May 7, 2026.

IT IS SO ORDERED.

Dated: April 23, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2